IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00532-FDW-DSC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> **Plaintiff,** <br><br> v. <br><br> JAMES M RUDNICK, <br><br> **Defendant.** | **FINAL JUDGMENT** |

THIS MATTER is before the Court on Defendant's Notice of Consent. (Doc. No. 2). The Securities and Exchange Commission filed a Complaint, (Doc. No. 1), and Defendants James Morris Rudnick ("Rudnick" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to venue in this Court and consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph III); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Rudnick is liable for a civil penalty in the amount of $80,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Rudnick shall satisfy this obligation by paying $80,000 to the Securities and Exchange Commission within 30 days after termination or modification of the automatic stay in Defendant Rudnick's Chapter 7 bankruptcy (Case No. 20-40124-KKS, Bankr. N.D. Fla., the "Rudnick Bankruptcy"). Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Defendant Rudnick may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Rudnick may also pay by certified check,

bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch 6500
> South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Rudnick shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the civil penalty or other amounts due by Defendant Rudnick under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is (a) a penalty excepted from discharge in the Rudnick Bankruptcy pursuant to Section 523(a)(7) of the Bankruptcy Code [11 U.S.C. §523(a)(7)], and (b) a debt that is excepted from discharge in the Rudnick Bankruptcy pursuant to Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**IV**.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Signed: December 11, 2020

Frank D. Whitney
United States District Judge